# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 3:02CR00053 |
| v. ) | |
| ) | **OPINION AND ORDER** |
| JOSEPH MCKINLEY ) | |
| WASHINGTON III, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. | |

On June 20, 2003, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On June 9, 2008, the court received a letter from the defendant which the court treated as a Motion to Reduce Sentence pursuant to § 3582(c)(2).

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant pled guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 846, 851, and use or possession of a firearm during and in relation to a drug trafficking crime, in violation 18 U.S.C. § 924(c). Pursuant to a plea agreement, the defendant accepted responsibility for 107 grams of crack cocaine. Under the amended guidelines, 107 grams of crack cocaine corresponds with a base offense level of 30. After accounting for a three-level reduction for acceptance of responsibility, the defendant's Total Offense Level is 27. With a Criminal History Category of V, the amended guidelines recommend a sentence of incarceration between 120 and 150 months for count one. Congress, however, has mandated that if a defendant has a prior felony drug offense and his current offense involves 50 or more grams of crack cocaine, then the statutory mandatory minimum is 240 months. When the statutory minimum sentence is greater than the maximum of the applicable guideline range, the statutory minimum sentence is the guideline sentence. U.S.S.G. § 5G1.1(a). Thus, the amended guideline range is the same as the guideline range at the time the defendant was sentenced. In this case, the defendant was sentenced below the statutory minimum by reason of a

substantial assistance motion filed by the government.

"If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). At the defendant's original sentencing, the bottom of the guideline range—and the statutory minimum—was 240 months and his sentence was reduced by 67.5% pursuant to a plea agreement, giving him a 90-month sentence for count one. Under the amended guidelines, the bottom of the guideline range is still 240 months. Of course, reducing 240 months by 67.5% still results in a sentence of 90 months for count one.

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 118) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

    ENTER: July 2, 2008

    /S/ JAMES P. JONES
    Chief United States District Judge